By the Court,
G-rimke , J.
The position taken by the counsel for the plaintiff is, that when the mortgage money is paid, no matter how, the mortgage is extinguished, for the debt is the principal and the mortgage only the incident; that the effect of .the sale by the administrator, was to extinguish the mortgage, and by so doing to revive-the right of dower. But this position can hardly be true to the extent to which it is attempted to carry it; for if a bill had been filed to-foreclose this mortgage, it is very certain that the purchaser under the decree, would have taken a title discharged of the encumbrance of dower. The debt would have been paid, and yet the right of dower-would not have been revived, but would have been extinguished together with the debt. The language, the debt is the principal and the land only the incident, which was first attributed to Lord Mansfield in 2 Burr. 978, is calculated to mislead, for it never was true in the-universality with which it is thus stated. A mortgage in fee, as this is, is in reality a fee simple conditional, which is as large and ample an estate, as a fee simple absolute, though it 'may not be so durable, Co. Lit. 18 a., and a transfer of such an estate can not be effected by the mere assignment of the debt. All the eases, when strictly examined, are reconcilable with this view. If the mortgagee’s estate in-the land is the same thing as the money due upon it, then the money due upon the land is the mortgagee’s estate in it; and consequently' *14 there would he no difference between the mortgage of land for a term only, and a mortgage of it in fee. The land is the incident in one sense, because it is uncertain whether it will be necessary to resort to it as a fund for the discharge of the debt. If it is, then it ceases any longer to be the incident. By the same process by which the debt is discharged, the right to the land is also transferred. Mrs. St. Clair, by joining with her husband in the deed of mortgage, barred herself of dower in express terms, so far as the mortgagee and his assigns, and ■all persons claiming under them, are concerned. The only difference between a renunciation of dower in a deed in fee simple, and á deed of mortgage is, that in the former case, the right ^of dower is ipsa facto extinguished, and in the'latter it is dependent upon some future event, whether it shall be so or not. But that it may be, is most certain ; otherwise there would be no meaning or utility in a relinquishment of dower. lie who takes a conveyance in fee, in which is contained a relinquishment of dower, is a purchaser of the right of dower ; and he who takes a mortgage to secure a debt, is also a purchaser of the right of dower, if it shall be necessary to the satisfaction of the debt; if it were otherwise, the mortgagee and the purchaser, under a judicial sale, would be iu the same predicament as if the deed had been executed by the husband alone.
The act under which this sale was made, 2 Ch. St. 929, like the one now in forcé, authorizes the administrator, where the personal property is insufficient to pay the debts, to sell the land for that purpose. But «ven admitting that the sale of the entire interest in the land was irregular, yet I do not see how it can be now cured. The proceedings «f a court of probate are strictly in rem and not in personam. If it has jurisdiction, its acts are binding as against all the world. But there was no irregularity in this ease. The proceeding was justified by the law, and was indispensable to carry out the provision regarding the estate of intestates. The ,35 th section of the act directs the administrator to make a deed for the land, which shall vest in the purchaser as complete a title as if the deed had been made by the intestate in his lifetime. And admitting that this will have reference in this instance to some period in the lifetime of Arthur St. Clair, after he had executed the mortgage, then the deed would, at any rate, transfer the whole equity of redemption, freed from the encumbrance of dower. This is on the supposition that the administrator had no right to sell any thing but the equity of redemption, and yet in that case the effect of the sale would he to extinguish the right of dower. But the power *15 •of the administrator was broader than this. A creditor, other than the mortgagee, can only sell the equity of redemption, because, as to him, it is the only interest in the land which the mortgagor has. But the mortgagee may, for the satisfaction of the mortgage debt, cause the entire interest in the land to be sold. The proceeding by foreclosure, which now exists, and that by scire facies, which formerly existed, shows this. Now, an administrator, acting on behalf of .creditors by mortgages, may do the same. As the agent of the intestate’s estate, and of all the creditors also, his power necessarily reached to the equity of redemption which belonged to the intestate, and to the mortgage estate which belongs to the mortgage creditor. In other words, the power of the Probate Court to direct 4a sale of the land was concurrent with the power of a Court of Equity to decree a foreclosure and sale. Yery great inconvenience would be the consequence if this were not the case. The administrator is directed to settle up the estate, the personal property may be insufficient to pay the debts, the only real property which an intestate may have left, may have been encumbered by a mortgage, there may be a residuum after the payment of that debt, which may be wanting to pay other creditors, and the only just and regular mode of proceeding would be to sell the land and to distribute the proceeds among the creditors according to the priority of their claims. In the present instance, the proceeds were not near sufficient to discharge the mortgage debt. The petitioner, therefore, has no equity, and the bill must be dismissed.