Spalding, J.
In considering this case the court has deemed it unnecessary to consider any of the points raised, except those which depend upon ruling of the court below, upon the prominent facts in the case.
It seems to have been admitted that a settlement of Goodin’s account as treasurer was made on the ninth day of June, 1842, and that the commissioners of Hardin county were then satisfied to take his individual note at five months, with the mortgage security he óffered, for the balance of the money in his hands belonging to the county. But it is said the transaction is tainted with fraud, and so the settlement is void.
If Goodin mortgaged lands to the county which were subject to a prior incumbrance, it may or may not have been a fraud on the commissioners, according to the circumstances of concealment. But be this as it may, there is no pretense that the sureties of Goodin were implicated in any such charge.
And, indeed, the ruling of the court is made expressly upon the hypothesis that the sureties had no participatiop in the fraud. How then stands the case ? Goodin’s term as treasurer hud expired in the spring of 1842. In transferring the funds to bin *10 Successor he was found tobe deficient in the sum of $869.53.-The commissioners of the county, being authorized by our law so to do, adjust and settle this balance by taking the note of the delinquent treasurer on time, and by giving to him in refurn a full and perfect aequitanee for all moneys received by him in his said capacity of treasurer.
In this transaction the sureties have no agency, directly or indirectly.
They are informed, however, that their principal has made a satisfactory compromise with the commissioners, and he exhibits to them full receipts for all funds that had passed through his hands as treasurer.
In process of time suit is instituted against Goodin upon hia note, judgment is recovered and execution is levied upon lands. Some portion of the judgment is satisfied by advancements of money made by Goodin, and occasionally, a stay of execution is acceded to by the -commissioners for his convenience. Finally, after the lapse of five years, it is ascertained that Goodin had executed to some third person a mortgage deed of the most valuable part of his lands a few days before he gave his note to the commissioners, and a suit is instituted against his sureties on the bond.
Such a proceeding cannot be sustained. We look upon the transaction of the 9th of June, 1842, not as an extension of time merely by the commissioners to the principal in the bond, but as a full and final settlement of the treasurer’s account; and the sureties, in the absence of any fraud or collusion on their part, could interpose no more effectual shield to a claim against them on their bond, than the receipt of the commissioners to their principal, acknowledging payment in full of all moneys' that had come into his hands as treasurer. If there was fraud or mistake in such settlement, the commissioners should have repudiated it within a reasonable time. Their subsequent -proceedings in commencing suit, recovering judgment, levying on lands, etc., would preclude them from setting up the fraud' *11 practiced on them by Goodin, to the prejudice of third persona who were innocent.
Besides, for the space of five years the sureties had reason to suppose themselves absolved from all manner of liability by reason of said bond. They of course would take n'o steps to obtain indemnity at the hands of Goodin. Every principle of law would require that the commissioners should be held to the settlement, so far as it concerns the rights of the sureties. In the case from Massachusetts, cited by counsel for the plaintiffs in error, (8 Pick. 122,) it appeared that the creditor had told the surety that the obligation was paid.
It turned out afterwards that he was mistaken ; and the court-held that the surety was discharged if injured by such declaration, notwithstanding it was a mistake.
In the case before us, the principal debtor produces to his sureties a full and complete discharge from his creditors, and for five years that discharge is permitted to go unquestioned. Are not the sureties discharged ? We say unhesitatingly they are ; and the judgment of the court of common pleas of Hardin county is therefore reversed.