Hitchcock, C. J.
There is no controversy about the facts in this case, and they are all contained in the bill and answer. In May, 1887, Jonah Taylor, the husband of complainant, mortgaged the premises in which dower is now demanded, to the State of Ohio, for the use of the fund commissioners of Miami county, to secure the payment of a loan from said commissioners. To the deed of mortgage the complainant was a party, therein relinquishing her right of dower. The loan being unpaid, such proceedings were had, that a decree for the sale of the mortgaged premises was entered against Taylor and wife, at the May term of the Miami common pleas, 1842. Orders of sale were issued, but the land remained unsold for want of bidders until 1847.
In the meantime, and after the rendition of the decree, John Sloan renewed a judgment against Taylor, upon which an execution was issued, and the land mortgaged, levied upon and sold in 1847. The sale being reported to the court, was approved, but the court directed the mortgage to be first satisfied from the money made on the execution.
*569 ■ In this state of the case, the question made is, whether the petitioner is barred of her right of dower.
Had the land been sold under the decree of foreclosure, she must have been barred. Of this there can be no doubt. In such case, the purchaser must have held all the rights of the mortgagors and mortgagees. His title would have been perfect as against them, and all in privity with them. If the purchase money exceeded the amount of the. mortgage debt, the petitioner would have been entitled to her dower in this surplus, provided the sale had been made after the death of her husband. The land, however, was not sold under the decree. Why it was not we do not know. The fact is apparent, that it remained unsold for more than five years after the decree was rendered, and when sold, was sold on a judgment which was subsequent in point of time to the lien of the mortgage.
Suppose the fund commissioners, instead of proceeding upon the mortgage, had prosecuted a common law suit upon their bond, had recovered judgment, and upon this judgment the land had been sold, would the purchaser have taken the land discharged of the dower interest of the widow ? It seems to me he would not. In such case, the only interest which he would acquire, would be the interest of the judgment debtor; not any interest, present or contingent, of the wife of the judgment debtor. A judicial sale of the real estate of the husband does not divest'the wife of her right of dower, unless that sale is in a case where she has herself, by her own act, divested herself of any interest which she may have had in the property. The hypothetical question here stated, does not, however, arise in this case, and it is not necessary to settle it.
In the case under consideration, Sloan recovered a judgment against Taylor, took out execution, had the same levied on the land in controversy, and the land was sold to the present defendant. Now there can be no' pretense, that under this sale the defendant acquired any right incompatible with the petitioner’s right of dower. This judgment had no relation to the *570 mortgage. Nor was the sale, so far as appears, made with reference to that mortgage. It was an ordinary sale on execution. After this sale, had Taylor, or had a stranger satisfied the mortgage lien, there can be no doubt but that the petitioner would have been remitted to her right of dower. By her contract she could only be barred of that right, in case the property pledged was appropriated to the payment of the debt for which it was pledged, and there was but one way by which it could be regularly thus appropriated, and this was by a judicial proceeding upon the mortgage itself.
As before remarked, Taylor himself, or a stranger, might, after the sale of this land, have satisfied this mortgage, in which event the petitioner would have been entitled to dower. Even had the defendant himself, of his own mere motion, discharged the mortgage debt, the result would have been the same. Can the fact that the court of common pleas directed the mortgage to be satisfied from the purchase price of the land make any difference in the case ? It seems to a majority of the court that it cannot. That order was made for the benefit of the defendant. Without it, he might have been compelled to pay the price bid, while he would have acquired only a title incumbered by a mortgage. With it, he acquires a title disincumbered of the mortgage, but incumbered with the widow’s right of dower.
No question like the present has ever, within my recollection, been submitted to this court; nor do we find many, if any, analogous cases in the books of reports of other states.
In the case of St. Clair v. Morris, 9 Ohio Rep. 15, this court held, that where the wife joins her husband in a mortgage, containing a relinquishment of dower, a sale of the land by the administrator of the husband for the payment of his debts, extinguishes the right of dower, and transfers an unincumbered title to the purchaser. The case shows that the land sold for less than one half the debt secured by the mortgage. Under our law, the administrator may sell land incumbered by a mortgage, but the money received must first be appropriated *571 to discharge the mortgage debt. The right of the administrator to sell does not interfere with, or in any way affect, the lien of the mortgagee. His specific lien is secured to him; and the sale by the administrator, would be as effectual to defeat the widow’s right of dower as would a sale, upon a judicial proceeding upon the mortgage itself.
The case of Hopkinson v. Burmstead, 8 Mass. Rep. 491, is one which is supposed to militate against the decision now made, but I do not see that it does. In that case, the equity of redemption to mortgaged premises had been sold at administrator’s sale, under the law of Massachusetts, and the court held, that the purchaser might redeem the land and hold it discharged of the widow’s dower, she having joined with her husband in the execution of the mortgage deed.
The cases of Harrison v. Eldridge, 2 Halstead’s Rep. 392, and Barber v. Parker, 17 Mass. Rep. 564, are cases which, if not directly in point, go strongly to sustain the decision now made. We put the case upon this ground: If the defendant had been a purchaser under the decree of foreclosure, he would so far have connected himself with the mortgage as to have been protected against the dower claim; but, inasmuch as he is a purchaser under an ordinary judgment, he is in no way connected with the mortgage, and can derive no protection from it.

The complainant is entitled to a decree.