St. ELIZABETH HOSPITAL, APPELLEE, v. LANCASTER COUNTY ET AL., APPELLANTS.

FILED OCTOBER 4, 1922.   No. 21283.

1.  **Taxation:** EXEMPTIONS:   USE OF PROPERTY.   Under the constitutional and statutory provisions relating to exemptions from taxation, the use of the property is the test of that right. Const. 1875, art. IX, sec. 2; Rev. St. 1913, sec. 6301.

2.  ———: ———: HOSPITALS. The property of St. Elizabeth Hospital in the city of Lincoln, Nebraska, *held* exempt from taxation on the ground that it is used exclusively for religious and charitable purposes.

APPEAL from the district court for Lancaster county: LEONARD A. FLANSBURG, JUDGE. *Affirmed.*

*Charles E. Matson, Harry R. Ankeny* and *Max G. Towle,* for appellants.

*John J. Ledwith, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH and DAY, JJ.

ROSE, J.

Is the property of St. Elizabeth Hospital in Lincoln,

Lancaster county, Nebraska, exempt from taxation? This is the question presented by the record.

The county board of equalization levied taxes on the hospital property. Upon appeal to the district court the levy was set aside on the ground of exemption. The county has appealed.

The constitutional provisions relating to exemptions from taxation when the levy was made were as follows:

"The property of the state, counties, and municipal corporations, both real and personal, shall be exempt from taxation, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery, and charitable purposes, may be exempted from taxation, but such exemptions shall be only by general law." Const. 1875, art. IX, sec. 2.

Property used exclusively for religious and charitable purposes was also exempted by statute. Rev. St. 1913, sec. 6301. Under these provisions of the law the use of the property is the test of the right to exemption.

St. Elizabeth Hospital is situated on South street between Eleventh and Thirteenth streets in the city of Lincoln. Its property consists principally of four acres of land, a four-story brick building equipped for a hospital, all valued at approximately $500,000, and a surplus of $40,000 invested in securities. This property represents the growth of an institution established 30 years ago with small donations aggregating $20,000.

The Franciscan Sisters, a religious society, founded the hospital and hold title to its property. The Sisters of St. Francis of the Perpetual Adoration have charge of the institution. The general purpose of the sacred order to which these Sisters belong is to nurse the sick and take care of orphans. Twenty-six Sisters engaged in their life work are caring for the sick at St. Elizabeth Hospital. In devoting themselves to it they are prompted by the love of God. They are bound by a vow of poverty. Property

owned by them is used for the purposes to which they have dedicated their lives. Beyond food, clothing and shelter they receive nothing for their services. No individual, society or corporation receives any pecuniary profit from hospital property, funds or earnings. Surplus and donations are used to enlarge buildings and to improve hospital facilities, equipment and service. The institution is open alike to charity patients and others without regard to race or religious beliefs. Reasonable compensation is required from those who are able to pay it. Only a small percentage of those who seek rooms, food and hospital care, however, can be considered charity patients, but this does not change the charitable purpose for which the property as a whole is used, where no one receives any pecuniary profit from any source. Part of the burdens of government in caring for the poor is borne by the hospital. Charitable gifts and gratuitous services are contributed to the welfare of society. There are therefore reasons for immunity from taxation. The better rule, one sanctioned by precedent, is that the property in controversy is used exclusively for religious and charitable purposes within the meaning of the constitutional and statutory provisions relating to exemptions. This is the view taken by the trial court.

AFFIRMED.