## BOARD OF COM'RS OF TULSA COUNTY v. SISTERS of the SORROWFUL MOTHER.

No. 20211. Opinion Filed Jan. 7, 1930.

Byron Kirkpatrick, Co. Atty., and Hugh Webster, Asst. Co. Atty., for plaintiff in error.

Hagan Gavin and E. M. Gallaher, for defendant in error.

ANDREWS, J. This cause came to this court on an appeal from the judgment of the district court of Tulsa county reversing the action of the board of county commissioners in ruling and holding that the property involved herein is subject to ad valorem taxation.

The plaintiff in error in its brief states:

"* * * This matter is now presented on appeal primarily with a view to establishing the rule in the state of Oklahoma with reference to taxation of hospitals of the character described in these proceedings."

The trial court, after hearing the evidence and being advised, held that the property of the Sisters of the Sorrowful Mother is exempt from taxation, and accordingly rendered judgment in favor of the said Sisters of the Sorrowful Mother and against the taxing officials of Tulsa county, Okla., and ordered and directed the said taxing officials to issue a certificate of error to the county treasurer of Tulsa county striking from the tax rolls of Tulsa county the property involved, to which judgment, order, and decree plaintiff in error was duly allowed its exception, and appeal has been perfected to this court.

The property involved in the action consists of 8.75 acres within the city limits of the city of Tulsa upon which there is a hospital, boiler house, and other improvements.

The particular complaint of the plaintiff in error is that:

"* * * Where a hospital is operated and a large percentage of the patients are pay patients and the avowed purpose of said hospital is the extension of its property, and the accumulation of other properties, by a general enlargement of its holdings, then we say that said organization is not being operated for charitable purposes exclusively."

The record in this case shows that a number of women associated themselves together for the purpose of forming a corporation under the statutes of Wisconsin, and pursuant thereto a corporation was formed known as "The Sisters of the Sorrowful Mother," the business and purpose of which is to establish and maintain benevolent or charitable institutions, hospitals for the care, treatment, or relief of sick, infirmed, or other persons in need of or wanting care, treatment, or relief, asylums or other institutions for the care, treatment, or relief of insane or feeble-minded persons and the establishment and maintenance in connection with its hospitals of training schools for nurses. There was no capital stock, and it was provided that

"* * * no dividends, salary, wages or pecuniary profits of whatever kind shall ever be declared or paid any of its members."

Their membership was acquired on an application in writing and by a vote of a majority of the directors present. The corporation was organized

"* * * for the benefit of and to be connected with a religious society, known as the Sisters of the Sorrowful Mother,"

and is under the supervision and control of that society so far as the rules, tenets, and principles of the society are not in conflict with the law or the articles of incorporation.

The corporation acquired the real estate in question and erected and equipped the hospital thereon. The corporation received the funds for the construction of the hospital from donations by the citizens of Tulsa, a loan secured by a mortgage, and funds received from the religious society known as the Sisters of the Sorrowful Mother. The membership of the society of the Sisters of the Sorrowful Mother is made up of women who take vows of poverty, chastity, and obedience, under which the applicants convey to the society any property they have and thereafter receive nothing but their personal expenses. No salary or wages are paid to any of them. There is some profit from the operation of the hospital, all of which has been used for the purpose of reducing the indebtedness of the hospital, and future profits are to be used for extensions and improvements. The hospital itself is operated by a board of governors consisting of four doctors and three Sisters. Approximately 50 per cent. of the patients pay for the hospital facilities, approximately 20 per cent. pay part of the expenses, and approximately 30 per cent. are charity patients. Charity patients are cared for in wards. No one is excluded by reason of his inability to pay. Claims are filed with the board of county commissioners for the care of crippled children, but no claims are filed for the care of other charity patients. The charity work, based on the charges to patients who pay, amounts to approximately $40,000 a year. This is a brief statement of the evidence on which the trial court rendered a judgment for the defendant in error.

The Constitution provides, section 50, art. 5:

"The Legislature shall pass no law exempting any property withis (within) this state from taxation, except as otherwise provided in this Constitution"

—and the exception therein contained appears in section 6, art. 10, of the Constitution, from which we quote the following:

"All property * * * used exclusively * * * for religious and charitable purposes * * *:

provided, that all property not herein specified now exempt from taxation under the laws of the territory of Oklahoma, shall be exempt from taxation until otherwise provided by law. * * *"

In order to determine what property was exempt from taxation under the laws of the territory of Oklahoma, we must look to section 5914 of Wilson's Revised Statutes of Oklahoma, 1903, and we there find exempt from taxation:

"Fifth. The grounds and buildings of library, scientific, educational, benevolent and religious institutions, colleges or societies, devoted solely to the appropriate objects of these institutions, not exceeding ten acres in extent, and not leased or otherwise used with a view to pecuniary profit.

"Sixth. The books, papers, furniture, scientific or other apparatus pertaining to the above institutions and used solely for the purpose above contemplated, and the like property of students in any such institutions used for the purpose of their education."

This presents two questions: First, was property of the character of that involved in this action exempt from taxation? and, second, has such property become taxable by virtue of any law adopted after the Constitution?

It is apparent that property of this character was not subject to taxation under the laws of the territory of Oklahoma.

Under section 9575, C. O. S. 1921:

"The following property shall be exempt from taxation: * * * Tenth. All property, both real and personal, of scientific, educational and benevolent institutions, colleges or societies, devoted solely to the appropriate objects of these institutions."

We find no intention on the part of the Legislature to tax property of the character of that involved in this action.

This court in Re Assessment of Beta Theta Pi Corporation, 108 Okla. 78, 234 Pac. 354, announced the rule which is applicable to the facts in this case. We do not care to quote extensively from that decision, as it speaks for itself. We deem it sufficient to say that under the rule announced therein the property involved in this action is not subject to taxation under the facts shown in this record. We desire, however, to call attention to the fact that under the statute the exemption is of the property and not of the owner of the property, and that under the announced rule the use to which the property is put is the determining factor.

The judgment of the trial court was general in its nature. The rule is well established that such a judgment in an equity case will be reversed only where it is clearly against the weight of the evidence. The judgment in this case is not clearly against the weight of the evidence.

The judgment of the trial court is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur.

RILEY, J., absent.

Note.—See "Appeal and Error," 4 C. J. § 2853, p. 880, n. 97. "Taxation," 37 Cyc. p. 906. n. 21; p. 908, n. 38.