Non-Profit Corporation — Requirements — Type Determination A non-profit corporation is one incorporated under 18 O.S. 851 [18-851] — 18 O.S, 862(a) formed for a purpose not involving pecuniary gain to its shareholders or members, (b) paying no dividends or other pecuniary remuneration, directly or indirectly, to its shareholders or members as such, and (c) having no capital stock. Religious, educational and benevolent corporations, though not defined in Title 18 O.S. 541 [18-541] (1961), and not otherwise defined in the statutes of Oklahoma, are controlled by 18 O.S. 561 [18-561], 18 O.S. 571 [18-571], 18 O.S. 581 [18-581] (1961), regarding purposes set forth therein. The Articles of Incorporation for a non-profit corporation which is not religious, educational or benevolent should contain the information required in Section 854; however, if said corporation is a religious, educational or benevolent corporation the same may be incorporated under the Sections of Title 18 above referred to relating to religious, educational and benevolent corporations, and contain the information required only in the incorporation of religious, educational and benevolent corporations. Section 18 O.S. 861 [18-861], supra, permits the extension of corporate existence of corporations incorporated thereunder for a period of fifty years. The initial duration of corporate existence may not exceed fifty years, as is provided in Section 854. Corporations, having perpetual existence, not being incorporated under Section 851, et seq., will not be required to designate a fifty-year existence, but are governed by the statute under which incorporated. The Secretary of State charges non-profit corporations the sum of Five Dollars ($5.00) for the filing of Articles of Incorporation. Section 851, et seq. does not in any manner affect the charge for filing Articles of Incorporation formed under other sections of Oklahoma law, particularly, but not limited to religious, educational, and benevolent corporations. The Attorney General has under consideration your letter dated February 19, 1968, wherein you request an official opinion on the following questions: 1. What constitutes a non-profit corporation as defined in Senate Bill No. 505 and a religious, educational and benevolent corporation as defined in Title 18 O.S. 541 [18-541] (1961)? 2. Should the Articles of Incorporation for nonprofit corporations, religious, educational and benevolent corporations contain the information required in both laws? 3. Will all non-profit, religious, educational and benevolent corporations incorporated after the effective date of Senate Bill No. 505 be required to have a term of existence not to exceed 50 years? 4. Will existing non-profit corporations, having perpetual existence, be required to designate a 50 year existence should their Articles of Incorporation be changed in any manner by filing Amended Articles of Incorporation? 5. Should the filing fee for filing Articles of Incorporation for such corporations listed above be $5.00 or $7.00? In answer to your first question, Senate Bill No. 505, enacted by the second session of the 31st Legislature of Oklahoma, Section 1, provides in part as follows: "Definitions. For the purpose of this act, unless the context otherwise requires, the terms defined in this section shall have the meanings ascribed to them as follows: (a) Corporation. `Corporation' means a non-profit corporation formed under this act having no capital stock. (b) Nonprofit Corporation. `Nonprofit corporation' means a corporation formed for a purpose not involving pecuniary gain to its shareholders or members, paying no dividends or other pecuniary remuneration, directly or indirectly, to its shareholders or members as such, and having no capital stock. . . ." (Emphasis added) It is therefore the opinion of the Attorney General that a non-profit corporation is one incorporated under Senate Bill No. 505. (a) formed for a purpose not involving pecuniary gain to its shareholders or members, (b) paying no dividends or other pecuniary remuneration, directly or in- directly, to its shareholders or members as such, and (c) having no capital stock. In answer to the second part of your first question, you are advised that a religious, educational and benevolent corporation is not defined at 18 O.S. 1961 Section 541 [18-541] [18-541]. 18 O.S. 561 [18-561] (1961), et seq., concerns itself with religious corporations and societies and the purposes set forth therein govern the determination thereof. 18 O.S. 571 [18-571] (1961), et seq., sets forth the requirements for an educational corporation and the purposes set forth therein govern the determination thereof. Benevolent, charitable and fraternal corporations are controlled by 18 O.S. 581 [18-581] (1961), et seq., and the purposes set forth therein govern such determination. It is therefore the opinion of the Attorney General in answer to the second part of your first question that religious, educational and benevolent corporations, though not defined in Title 18 O.S. 541 [18-541] (1961), and not otherwise defined in the Statutes of Oklahoma, are controlled by the above quoted sections regarding purposes set forth therein. In answer to question two above, you are advised that Section 4, of Senate Bill No. 505, provides as follows: "Articles of incorporation. The articles shall be signed by each of the incorporators and acknowledged by at least three of them. The articles of the corporation organized under this act shall state (a) the name of the corporation; (b) the purpose of the corporation; (c) that the corporation does not afford pecuniary gain, incidentally or otherwise, to its members; (d) the period of duration of corporate existence which may not exceed fifty (50) years; (e) the location, by city, town, or other community, of its registered office in this state; (f) the name and address of each incorporator; (g) the number of directors constituting the first board of directors, the name and address of each such director, and the tenure in office of the first directors. The articles of incorporation may contain any other provision, consistent with the law of this state, for regulating the business of the corporation or the conduct of the corporate affairs." You will note the last line of the above quote uses the language "may contain any other provision, consistent with the laws of this state. . . ." Section 12, of Senate Bill No. 505, states as follows: "The provisions hereof shall be cumulative to existing laws and nothing herein shall be construed to repeal, amend, or otherwise affect in any manner any corporation heretofore or hereafter created under authority of any such other law." It is noted that the Legislature intended the provisions of Senate Bill No. 505 to be cumulative to existing law and nothing therein shall repeal, amend, or otherwise affect any corporation created under authority of any other law of the State of Oklahoma. It is therefore the opinion of the Attorney General that the Articles of Incorporation for a non-profit corporation which is not religious, educational or benevolent should contain the information required in Section 4 of Senate Bill No. 505, however, if said corporation is a religious, educational or benevolent corporation the same may be incorporated under the sections of Title 18 above referred to relating to religious, educational and benevolent corporations, and contain the information required only in the incorporation of religious, educational and benevolent corporations. In answer to question three above, you are advised that Section 11 of Senate Bill No. 505 permits the extension of corporate existence of corporations incorporated thereunder for a period of fifty (50) years. The initial duration of corporate existence may not exceed fifty (50) years, as is provided in Section 4 of Senate Bill 505, as quoted above. It should be remembered that these sections only apply to a corporation formed for a purpose not involving pecuniary gain to its shareholders or members, paying no dividends or other pecuniary remuneration, directly or indirectly to its shareholders or members as such, and having no capital stock. It should also be remembered that Sections 4 and 11 of Senate Bill No. 505 apply to non-profit corporations incorporated under Senate Bill No. 505. There is no language in Senate Bill No. 505 which imposes its requirement and conditions upon any other section of Title 18 O.S. other than the sections included in Senate Bill No. 505. It is therefore the opinion of the Attorney General in answer to question number three, that Senate Bill No. 505 applies only to non-profit corporations incorporated under Senate Bill No. 505, and accordingly, does not in any manner affect the corporate existence of corporations incorporated as religious, educational and benevolent corporations. In answer to question number four, you are advised that Section 12 of Senate Bill No. 505, as quoted above, specifies that the provisions thereof are cumulative to existing law and nothing therein shall be construed to repeal, amend or otherwise affect in any manner any corporation heretofore or hereafter created under authority of any such other law. It is therefore the opinion of the Attorney General, in answer to question number four, that corporations, having perpetual existence, not being incorporated under Senate Bill No. 505, will not be required to designate a fifty (50) year existence, but are governed by the Statute under which incorporated. It is further the opinion of the Attorney General that Senate Bill No. 505, did not require such corporations to amend their Articles of Incorporation. In answer to your fifth question, you are advised that Section 7, of Senate Bill No. 505 provides as follows: "Filing of Articles — Issuance of Certificate of Incorporation. The Articles of Incorporation shall be filed in the Office of the Secretary of State. If the Articles conform to law and upon the payment of a fee of Five Dollars ($5.00), the Secretary of State shall record the Articles and issue and record a Certificate of Incorporation. The Certificate shall state the name of the corporation and the fact and date of incorporation. Corporate existence shall begin upon the issuance by the Secretary of State of the Certificate of Incorporation." It is therefore the opinion of the Attorney General, in answer to question five above, that the Secretary of State charge non-profit corporations, formed under Senate Bill No. 505, the sum of Five Dollars ($5.00) for the filing of Articles of Incorporation. Further, it is the opinion of the Attorney General that Senate Bill No. 505 does not in any manner affect the charge for filing Articles of Incorporation formed under other sections of Oklahoma law, particularly, but not limited to religious, educational, and benevolent corporations. It is further the opinion of the Attorney General, that the determination of whether a corporation is probably a religious, educational or charitable corporation in purpose, rests in the sound discretion of the Secretary of State of the State of Oklahoma. (W. Howard O'Bryan Jr.)