Types of Corporation — Incorporation — Fees — Duration A non-profit corporation is adequately defined in 18 O.S. 10 [18-10] — 18 O.S. 14 [18-14] (1968). The determination of what entities meet that standard, as well as the determination of what constitutes religious, educational and benevolent corporations rests in the discretion of the Secretary of State. Insofar as 18 O.S. 10-14 [18-10-14], gives a totally independent vehicle for incorporation in Oklahoma, henceforth, the Articles of Incorporation, duration of corporate existence, and filing fees of such corporations will be governed by the particular provision under which incorporation is sought. The Attorney General has had under consideration your letter dated July 5, 1968, wherein you ask: "1. What constitutes a non-profit corporation as defined in S.B. 505, and a religious, educational and benevolent corporation as defined in 18 O.S. 541 [18-541] (1961) ? "2. Should the Articles of Incorporation for non-profit corporations, religious, educational and benevolent corporations contain the information required in both laws? "3. Will all non-profit, religious, educational and benevolent corporations incorporated after the effective date of S.B. 505 be required to have a term of existence not to exceed 50 years? "4. Will existing non-profit corporations having perpetual existence be required to amend their Articles of Incorporation to provide for a maximum of 50 years? "5. Should the filing fee for such corporations be $5.00 or $7.00?" Senate Bill No. 505, Section 1, 31st Oklahoma Legislature, Second Session, provides in relevant part, "Definitions. For the purpose of this act, unless the context otherwise requires, the terms defined in this section shall have the meanings ascribed to them as follows: . . . . "(b) Nonprofit Corporation. `Nonprofit corporation' means a corporation formed for a purpose not involving pecuniary gain to its shareholders or members, paying no dividends or other pecuniary remuneration, directly or indirectly, to its shareholders or members as such, and having no capital stock." (Emphasis added) It is the opinion of the Attorney General that the quoted language answers the first part of your first question in that it clearly defines a non-profit corporation for the purpose of S.B. 505. The determination of compliance rests in the sound discretion inherent in the Secretary of State. In answer to the second part of your first question, you are advised that a religious, educational and benevolent corporation is not defined at 18 O.S. 541 [18-541] (1961). Title 18 O.S. 541 [18-541] (1961), introduces Chapter 14 on Religious, Educational and Benevolent Corporations, the bulk of which was enacted in 1910. The determination of what corporate entities would fall into these three classifications is not aided by any such definition as is found in Senate Bill No. 505, regarding non-profit corporations, but again the determination rests within the sound discretion of the Secretary of State. Two Oklahoma cases are somewhat helpful on this issue. In Watton v. Cruce, 44 Okl. 186,143 P. 1152 (1914), the court held: "A private corporation promoted to 'collect, arrange, classify, and display at the Jamestown Exposition the agricultural, horticultural, mineral, manufacturing, and other divers resources of the state of Oklahoma' is educational in its primary object, and was authorized to be formed under section 930 of the Statutes of 1893 as amended by the Act of March 3, 1903 (Laws 1903, c. 9, art. 1, Section 1), providing that private corporations may be formed for the purpose of 'mining, manufacturing and other industrial pursuits, . . . literary, educational and scientific and historical associations.'" Although this case does not interpret the exact statute upon which your question is based, the principle involved is identical. In Tulsa County v. St. John's Hospital, 200 Okl. 176, 191 P.2d 983 (1948), a tax case, the court held that property which was owned by a non-profit corporation organized for benevolent purposes and used directly and solely for hospital purposes without regard to race, creed or wealth of patients was used exclusively for "charitable purposes" within the constitutional provision exempting such property from ad valorem taxation. Aside from such isolated cases, it is clear that any attempt to conclusively delimit the words "religious, educational, and benevolent" must fail. Each case must be examined by the Secretary of State ad hoc, with the particular outcome being dictated by the facts of each case. The only statutory limitations upon his sound discretion are the purposes listed in 18 O.S. 581 [18-581] (1961), dealing with benevolent and charitable corporations, to wit: "1. To establish and maintain hospitals and infirmaries for the cure of the sick and support the aged and indigent, and asylums for orphans. "2. For the mutual assistance of the members in time of sickness or necessity, and to provide a fund for this purpose by contributions of the members thereof from time to time, and for the like incidental benevolent purposes . "3. To establish and maintain lodges, chapters and encampments, of fraternities, or associations commonly known as Free Masons, the Independent Order of Odd Fellows, Good Templars, Sons of Temperance, and other like benevolent orders or societies. "4. To establish and maintain fire companies in any incorporated city or town. "5. To establish and maintain youth organizations to promote the ideals of good sportsmanship, honesty, loyalty, courage and reverence by providing supervised competitive athletic games." No purposes are provided to limit religious and educational corporations under the statutes relating thereto, 18 O.S. 561 [18-561] (1961) et seq., and 18 O.S. 571 [18-571] (1961) et seq. respectively. It is therefore the opinion of the Attorney General that what constitutes a religious, educational, or benevolent corporation lies within the sound discretion of the Secretary of State, keeping in consideration 18 O.S. 581 [18-581] (1961). In answer to your second question, it is to be noted that Section 4 of Senate Bill No. 505 provides: "Articles of incorporation. The articles shall be signed by each of the incorporators and acknowledged by at least three of them. The articles of the corporation organized under this act shall state "(a) the name of the corporation; "(b) the purpose of the corporation; "(c) that the corporation does not afford pecuniary gain, incidentally or otherwise, to its members; "(d) the period of duration of corporate existence which may not exceed fifty (50) years; "(e) the location, by city, town, or other community, of its registered office in this state; "(f) the name and address of each incorporator; "(g) the number of directors constituting the first board of directors, the name and address of each such director, and the tenure in office of the first directors. "The articles of incorporation may contain any other provision, consistent with the law of this state, for regulating the business of the corporation or the conduct of the corporate affairs." (Emphasis added) Further, Section 12 of Senate Bill No. 505 provides: "The provisions hereof shall be cumulative to existing laws and nothing herein shall be construed to repeal, amend, or otherwise affect in any manner any corporation heretofore or hereafter created under authority of any such other law." Therefore, it is the opinion of the Attorney General that while a corporation formed under Senate Bill No. 505 may include in its Articles of Incorporation "any other provision consistent with the laws of this state" it need not comply with any additional provisions in 18 O.S. 541 [18-541] (1961) et seq., and vice versa. The provisions of Senate Bill No. 505 provide a new and alternative avenue for corporate organization in Oklahoma. In answer to your third question, it is to be noted that only those corporations formed under the Oklahoma Business Corporation Act (18 O.S. 1.1 [18-1.1] (1961) et seq.) and those to be formed under Senate Bill No. 505 are limited by an express fifty-year duration provision. The fifty-year provision in 18 O.S. 1.14 [18-1.14] (1961) (Business Corporation Act) and in Section 4 of Senate Bill No. 505 do not apply to corporations formed under 18 O.S. 541 [18-541] (1961) et seq. There is no limit to the duration of corporations formed under Section 541 et seq., except as may be implicit in Article XIII, Section 32 Oklahoma Constitution, which reads in relevant part: "Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed . . . ." However, the Supreme Court of Florida has said that the word "perpetuity," in the Florida Constitution, Article 13, Section 4, declaring that perpetuities are contrary to the genius of a free state, refers only to estates; and hence an act of incorporation cannot be invalid as a perpetuity. Barbee v. Jacksonville A. Plank Road Co.,6 Fla. 262. Therefore, it is the opinion of the Attorney General that your third question be answered in the negative insofar as only such corporations as are to be incorporated under Senate Bill No. 505 will have a duration limitation of fifty years. It is also the opinion of the Attorney General that your fourth question be answered in the negative, since Senate Bill No. 505 in no way affects existing corporations. In response to your fifth question, it is the opinion of the Attorney General that corporations formed under Senate Bill No. 505 pay $5 as provided in Section 7 thereof; and corporations formed under 18 O.S. 541 [18-541] (1961) et seq., pay $2 as provided therein. No such corporation will be subject to both fees. In conclusion, it is the opinion of the Attorney General that what is a nonprofit corporation is adequately defined in Senate Bill No. 505. Further, the determination of what entities meet that standard, as well as the determination of what constitutes religious, educational and benevolent corporations rests in the sound discretion of the Secretary of State. Further, insofar as Senate Bill No. 505, by its express terms, gives a totally independent vehicle for incorporation in the State of Oklahoma, henceforth, the Articles of Incorporation, duration of corporate existence, and filing fees of such corporations will be governed by the particular provision under which incorporation is sought. (Reid Robison)