### BOARD OF COM'RS OF GARFIELD COUNTY v. PHILLIPS UNIVERSITY.

No. 19731. Opinion Filed June 24, 1930.

Dan Mitchell and A. L. Zinser, for plaintiff in error.

Harry O. Glasser, for defendant in error.

HEFNER, J. This is a controversy between Phillips University, a corporation, and the county commissioners of Garfield county as to whether certain real estate owned by the University is subject to taxation.

The University filed a protest with the board of county commissioners wherein it was claimed that three tracts of farm land and about 100 lots in the city of Enid owned by it were exempt from taxation. On appeal to the district court, it was held that the property was exempt from taxation and the county assessor was enjoined from assessing it so long as it should remain in the ownership of the University and the proceeds therefrom used in the general fund of the University for its maintenance and operation.

The evidence discloses that none of the buildings of the University proper were situated on the property in controversy. A portion of the property was rented, but the rents were all used in maintaining and paying expenses of the University.

Section 50, of art. 5, of our Constitution provides that:

"The Legislature shall pass no law exempting any property within this state from taxation, except as otherwise provided in this Constitution."

Section 6, art. 10, of the Constitution provides that:

"Property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes * * * shall be exempt from taxation."

Section 9575, C. O. S. 1921, in part, provides:

"The following property shall be exempt from taxation. * * * 2nd. All property and mortgages on same used exclusively for religious or charitable purposes. * * * 10th. All property, both real and personal, of scientific, educational and benevolent insti-

tutions, colleges or societies, devoted solely to the appropriate objects of these institutions. * * *"

The trial court held that because the rents of the property went exclusively to the appropriate objects of the institution, the property itself was exempt from taxation. The appellant contends that before the property is exempt from taxation the corpus of the property must be actually used for university purposes. That is to say, that it must have university buildings on it, or used in connection with the buildings, dormitories, etc. The appellee contends that it is immaterial whether or not the property has university buildings located on it, so long as the proceeds arising from revenues received from it are used exclusively for the maintenance of the University. We think the use to which the property or the income therefrom is put is the determining factor.

In the case of Board of Com'rs of Tulsa County v. Sisters of the Sorrowful Mother, 141 Okla. 32, 283 Pac. 984, this court said:

"The purpose for which property is used is the test to be applied in determining whether such property is exempt from taxation, and that use is a question of fact to be determined from the evidence."

It is true that in that case it was said that the purpose for which the property was used was the test to be applied in determining whether such property was exempt from taxation. One of the controlling factors in that case was what was done with the income from the property. It was contended there that the hospital was not operated for charitable purposes, exclusively, because a large percentage of the patients were pay patients, and the avowed purpose of the hospital was the extension of its property and the accumulation of other property, by a general enlargement of its holdings. Approximately 50 per cent. of the patients were pay patients, approximately 20 per cent. paid part of the expenses, and approximately 30 per cent. were charity patients. There was some profit from the operation of the hospital, all of which was used for the purpose of reducing the indebtedness of the hospital, and the future profits were to be used for extensions and improvements.

It was a question of the purpose for which the property itself was used and the proceeds derived therefrom. It was in effect held that so long as the property itself or the proceeds therefrom were devoted solely to the appropriate objects of the hospital it was exempt from taxation.

It was the purpose of the framers of the Constitution to encourage the establishment and maintenance of universities, and they specifically provided in the Constitution that all property, both personal and real, of scientific, educational, and benevolent institutions, colleges or societies, devoted solely to the appropriate objects of the institution, should be exempt from taxation. If the contention of the appellant is correct, the only personal property that could be exempt from taxation would be confined to that used exclusively in and around the college buildings. It could not include mortgages or bonds, because the only way they could be used would be to use the income from them.

We think it was the intention of the framers of the Constitution to provide that all property, both personal and real, owned by scientific, educational, and benevolent institutions, colleges or societies, should be exempt from taxation so long as the property itself or the income therefrom was devoted solely to the appropriate objects of these institutions. The trial court correctly held that so long as the revenues arising from the property owned by the University were devoted to the appropriate objects of the University the property itself was exempt from taxation.

Judgment is affirmed.

LESTER, V. C. J., and CLARK, CULLISON, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent. SWINDALL, J., not participating.