**PHI KAPPA PSI v. STATE.**

No. 26505. Jan. 21, 1936.

Rehearing Denied Feb. 4, 1936.

Ames, Cochran, Ames & Monnet, for plaintiff in error.

Aubrey C. Moses, Co. Atty., M. A. Gorrill, Henry H. Asher, and Paul W. Updegraff, for defendant in error.

GIBSON, J. The plaintiff in error will

be referred to herein as defendant, and the defendant in error as plaintiff.

This is a tax ferret proceeding brought here from the county court of Cleveland county. The question involved is one of tax exemption as applied to a college fraternity located at the University of Oklahoma. The property under consideration consists of the home, or chapter house, of the defendant and certain furnishings. The county court denied defendant's claim of exemption and ordered the property listed and assessed for the years 1932, 1933, and 1934. From that judgment the defendant has appealed.

If defendant's property is to be exempted from taxation, it must fall within that class of property designated as exempt by the Constitution, sec. 6, art. 10, for the Legislature may not enlarge the list of exemptions as set out in the Constitution. Section 50, art. 5.

The constitutional provisions and statutory enactments here to be considered are as follows:

Section 6, art. 10, Constitution:

"All property used for free public libraries, free museums, public cemeteries, property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes, * * * shall be exempt from taxation: * * *

"Provided, That all property not herein specified now exempt from taxation under the laws of the territory of Oklahoma, shall be exempt from taxation until otherwise provided by law. * * *"

Section 5914, subdivisions 5 and 6, Wilson's Rev. & Ann. Stats. 1903:

"Fifth. The grounds and buildings of library, scientific, educational, benevolent and religious institutions, colleges or societies, devoted solely to the appropriate objects of these institutions, not exceeding ten acres in extent, and not leased or otherwise used with a view to pecuniary profit.

"Sixth. The books, papers, furniture, scientific or other apparatus pertaining to the above institutions and used solely for the purpose above contemplated, and the like property of students in any such institutions used for the purpose of their education."

Section 12319, O. S. 1931, subdivisions 2, 10 and 11:

"The following property shall be exempt from taxation: * * *

"Second. All property and mortgages on same used exclusively for religious or charitable purposes. * * *

"Tenth: All property, both real and personal, of scientific, educational and benevolent institutions, colleges or societies, devoted solely to the appropriate objects of these institutions.

"Eleventh. The books, papers, furniture, scientific or other apparatus pertaining to the above institutions, and used solely for the purpose above contemplated and the like property of students in any such institutions used for the purpose of their education."

Section 12329, O. S. 1931:

"That all real estate belonging to fraternal orders or societies, on which is erected a building occupied wholly or in part by the fraternal order or society owning the same, shall be exempt from taxation, either directly or indirectly, and the renting of any portion of such building shall not subject such real estate to taxation; provided, the net proceeds derived therefrom shall be devoted exclusively to benevolent or charitable purposes."

Subdivisions 10 and 11, section 12319, supra, were enacted in 1909, and were virtually a re-enactment of subdivisions 5 and 6, section 5914, Wilson's Statutes, 1903, supra, and the Legislature in 1919 passed section 12329, not as an amendatory or repealing act, but probably unaware of the existence of said subdivisions 10 and 11. section 12319. Beta Theta Pi Corp. v. Board of County Commissioners, 108 Okla. 78, 234 P. 354.

In the Beta Theta Pi Case, decided in 1925, we said that:

"Under the foregoing proviso in section 6, art. 10, of the Constitution, all property exempt under the territorial law remained exempt until the state Legislature provided otherwise by law, and the state Legislature has never seen fit to provide otherwise."

No repeal or alteration of the statutes has taken place since the date of that decision. There, in considering section 12329, supra, we were unable to see wherein said section was any more specific or definitive in its exempting features than were the provisions of the territorial statute, "which had remained in force from 1893 to 1919."

The constitutionality of these statutes was upheld in the Beta Theta Pi Case. We held there that subdivisions 5 and 6, sec. 5914, Wilson's Stat. 1903, were in force at the time of the adoption of the Constitution, remained in force thereafter, were re-enacted by the Legislature in 1909, and were brought forward and made subdivisions 10 and 11, sec. 7303, R. L. 1910 (now

subdivisons 10 and 11 of sec. 12319, O. S. 1931). They now stand unrepealed and unmodified. By these subsequent acts (secs. 12319 and 12329, O. S. 1931), the Legislature has merely recognized and approved the exemption of that class of property exempted by the plain terms of the Constitution, sec. 6, art. 10, and defined in said subdivisions 5 and 6, sec. 5914, Wilson's Statutes, 1903, supra.

The defendant in the Beta Theta Pi Case was a college fraternity at the University of Oklahoma. The first paragraph of the syllabus of that case is as follows:

"Held, that the act approved March 29, 1919, the same being chapter 300, S. L. 1919, and now being section 9580, Comp. St. 1921, does not exceed the constitutional limitations upon the legislative power to exempt property from taxation and is a valid act. Held, further, that under the proviso in section 6, art. 10, of the Constitution, to wit: 'That all property not herein specified now exempt from taxation under the laws of the territory of Oklahoma, shall be exempt from taxation until otherwise provided by law,' had the express effect of exempting all property coming within the classes of property exempted by the territorial statutes, including personal and real property, belonging to scientific, educational, and benevolent institutions, colleges or societies, and devoted solely to the appropriate objects of such institutions, and used solely for such purposes. Held, further, that plaintiff in error, Beta Theta Pi Corporation, having been incorporated for such purposes, and its property being devoted and used solely for the promotion of educational, moral, charitable, and public welfare, is exempt from taxation."

That holding we believe sound, and we are not now inclined to depart therefrom.

The second paragraph of the syllabus of that case is as follows:

"Under section 6, art. 10, of the Constitution, the 'use' to which property is in fact dedicated is the test as to whether such property is exempt from taxation, and such 'use' is a question of fact, to be determined from the evidence."

The use, then, to which the property was devoted is the determining factor in this case. this case.

Plaintiff says the facts here are wholly unlike the facts in the Beta Theta Pi Case and, for that reason that decision is not controlling.

In this connection, the defendant says the facts as to use are undisputed and are in all respects the same as the facts disclosed in the Beta Theta Pi Case; that there is presented to this court the one question of law, namely, whether or not the undisputed facts place this property within the constitutional exemptions. On the other hand, the plaintiff contends that the evidence as to use was conflicting, but amply sufficient to support the finding and judgment of the trial court, and that such finding and judgment should be binding upon this court unless the same were wholly unsupported by the evidence.

We have carefully considered the record in this case. The evidence clearly shows the use to which the property in question was devoted, and that use was, in all respects, substantially the same as that to which the property in the Beta Theta Pi Case was devoted. The evidence on that question is virtually undisputed, and a statement of the facts here is deemed unnecessary. We must therefore hold that the property here involved, like the property in the Beta Theta Pi Case, was devoted to and used solely for the promotion of educational, moral, charitable, and public welfare, and consequently exempt from taxation. The judgment of the trial court to the contrary was a misapplication of the law to the established facts, and constituted error.

It is contended by plaintiff that the fraternal order or society occupying the property in question does not own the same, and that said property is therefore not within the exemptions set out in section 12329, O. S. 1931, supra. In this connection the evidence shows, and the trial court found, that the legal title was vested in the Phi Kappa Psi Fraternal Corporation for the use and benefit of the local chapter at Norman, and that said corporation is a nonprofit organization. The real owners of the beneficial use and right of occupancy of the premises are here shown to actually occupy the same. That fact brings the property in question clearly within the provisions of the statute.

For the foregoing reasons, the judgment is reversed and the cause remanded, with directions to enter judgment for defendant.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, and CORN, JJ., concur. PHELPS, J., absent.