## UNIVERSITY SCHOLARSHIP CORPORATION v. PARDUHN, County Treas.

No. 27288. June 29, 1937.

Rehearing Denied July 13, 1937.

Allen G. Nichols, Dudley Culp, and John E. Luttrell, for plaintiff in error.

Aubrey C. Moses, County Atty., for defendant in error.

BAYLESS, V. C. J. University Scholarship Corporation, a corporation, paid ad valorem taxes, under protest, upon certain real and personal property owned by it and sued the county treasurer of Cleveland county, Okla., to recover the same. It claimed to be organized, and to exist and to be operated for educational, benevolent, and charitable purposes, and by virtue thereof empowered to own personal and real property for those purposes, exempt from taxation. The trial court sustained a demurrer to its evidence, and it appeals.

Certain individuals associated with the University of Oklahoma, or who are interested in the education of the youth of the state, organized the plaintiff corporation. The purposes are stated in the articles of incorporation as follows:

"The educational, benevolent and charitable purpose of encouraging scholarship in the University of Oklahoma by aiding worthy and deserving students in securing educational advantages by providing scholarship which will enable such worthy and deserving students to remain in school until the completion of their education."

The purposes are to be accomplished by owning, leasing, and selling real and personal property for income, by virtue of having all of the powers necessary thereto.

In December, 1932, David M. Logan owned a certain apartment building and its furnishings in Norman, Okla., and contracted to convey the property as a gift to the corporation. He and his wife actually conveyed the property. It was specified in the contract that although the property was incumbered by certain mortgage indebtedness, the corporation accepted the property subject to the incumbrances but without 'assuming any liability therefor. Logan reserved a right to finally approve the acts of the corporation in respect to this property so long as the indebtedness, upon which he was obligated, existed. It was further provided that if the property was subject to ad valorem taxes and such taxes were not paid by the corporation, the property should be reconveyed to Logan.

There was no dispute as to the actual facts. The purport of the attack of the county upon the conveyance of the property and the holding of it by the corporation was directed at the bona fides thereof and the handling of the property since. It is admitted the property is less than ten acres in extent.

One attack is that the reservation in the contract of the right of final approval by Logan, and the right to reclaim the property upon certain contingency, had the effect of retaining the title in Logan, or, in other words, it was not a conveyance of a fee-simple title. The authorities cited by the corporation upon this point seem to be conclusive. This rule is that even a determinable fee in property carries with it all of the privileges and immunities of a fee-simple title, while the determinable fee lasts. See First Universalist Society v. Boland, 155 Mass. 171, 29 N. E. 524; Conn. Jun. Rep. Ass'n v. Town of Litchfield, 119 Conn. 106, 174 Alt. 304, 95 A. L. R. 57, and the authorities cited therein. Therefore, although at the time the parties hereto contracted there was uncertainty as to whether the property would be taxable in the name of the corporation, and it was likewise possible that the corporation might fail to pay the taxes as they became due, it was provided that when those uncertainties and possibilities coincided, Logan should receive the property again. Since we are holding that the property was and is exempt from ad valorem taxes, this attack must fail completely. There will not be such an event by which the corporation will be divested of the title of the property by Logan.

The bona fides of Logan in conveying this property to the corporation was at-

tacked. He conceded that some of the taxes were delinquent and the mortgages were a little in arrears at the time, but he insisted the property was far from being distress property in his hands, and that its operations would carry it, · and that his equity in it was actual and valuable. This evidence was not contradicted by any other witness, and we do not believe the record as a whole justified an inference to the contrary. That the transfer had the effect of removing the property from the tax rolls is not sufficient. This is the result which attends all transfers to corporations to be used in the accomplishment of similar purposes.

The building involved contains 24 apartments, completely furnished. Since the corporation has received the property it has continued the same management, the same name, and to outward appearances there has not been much change. But the corporation proved that it had undertaken to administer property for scholarship aid. It lets students, under regulations of the university, occupy two apartments without cost. The other apartments it rents, and the income is applied to operating expenses. the payment of the incumbrances, and the surplus, if any, is devoted. to its purposes. No one profits therefrom in a commercial sense. Under the holdings of this court in Board of County Commissioners of Garfield County v. Phillips University, 144 Okla. 57, 289 P. 720; Board of County Commissioners of Tulsa County v. Sisters of the Sorrowful Mother, 141 Okla. 32, 283 P. 984, and State v. Bartlesville Lodge, 168 Okla. 416, 33 P. (2d) 507, the division of use does not defeat the total exemption.

In our opinion, by virtue of article 10, sec. 6, Const., and section 5914, Wilson's Rev. and Ann. Statutes 1903, as brought forward since statehood, all as construed by us in the cases cited in the preceding paragraph and in Beta Theta Pi Corp. v. Board of County Commissioners of Cleveland County, 108 Okla. 78, 234 P. 354; Phi Kappa Psi v. State, 175 Okla. 605, 53 P. (2d) 1130, and Sand Springs Home v. State, 168 Okla. 323, 32 P. ·(2d) 928, the property is exempt from taxation, and the corporation should have judgment.

The judgment is reversed, with directions to enter judgment for the plaintiff corporation.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.