William E. MEADOWS and Hubert R. Meadows, Appellants,

v.

Janice R. FAIN and Elizabeth J. Hull, Appellees.

No. 67691.

Supreme Court of Oklahoma.

July 6, 1989.

Shon T. Erwin, Lawton, for appellants.

Gerald F. Neuwirth, Lawton, for appellees.

SIMMS, Justice:

Action for declaration of a Resulting Trust and to Quiet Title to real property. The parties are brothers (plaintiffs/appellants) and sisters (defendants/appellees). The question presented is whether the plaintiffs alleged facts sufficient to state a cause of action and survive a motion to dismiss for failure to state a claim pursuant to 12 O.S.Supp.1984 § 2012(B)(6).[1] In the interest of clarity, the parties will be

---

1. 12 O.S.1984 Supp., § 2012(B)(6) reads: ".... that the following defenses may at the option of the pleader be made by motion: ...

referred to herein as they appeared before the trial court. Plaintiffs' petition alleged the following facts:

The parties' father died intestate in 1968, survived by his wife, two sons (plaintiffs), and two daughters (defendants). At his death, he was sole owner of 320 acres of certain real property located in Comanche County, Oklahoma. In accordance with the laws of intestate succession, the parties' mother received an undivided one-third (⅓) interest in the real property with each of the four children receiving an undivided one-sixth (⅙) interest. Subsequently, the children of the deceased then conveyed their interests to their mother who, "in exchange for a conveyance from the mother whereby the mother would retain a life estate" in the entire 320 acre tract. Upon her death, each child would become sole owner of a separate, eighty-acre tract of land. Plaintiffs alleged that these transactions were made as the result of a family agreement and that, pursuant to that agreement, each child received a Joint Tenancy Warranty Deed from their mother which was duly executed and recorded.

The petition then alleged that the defendants claimed some interest in the tracts deeded to plaintiffs by virtue of a subsequent conveyance executed by the parties' mother in which she transferred her undivided interest in the plaintiffs' land to the defendants, creating a cotenancy in half of their father's original estate between plaintiffs and defendants. Plaintiffs apparently were unaware of this transaction with the defendants until after their mother's death, a few years later. Plaintiffs alleged that the latter transaction was a breach of the agreement between the parties and asked the trial court to either find that a resulting trust existed in the Joint Tenancy Property or to quiet title in favor of plaintiffs as to that property.

Defendants filed an answer to the plaintiffs' petition and a motion to dismiss for failure to state a claim. In their answer,

defendants denied the existence of any family agreement as alleged by plaintiffs and further alleged that defendants were the owners of an undivided one-half (½) interest in and to the tracts claimed by plaintiffs. No other defenses are raised. All parties then filed briefs in support of their pleadings and, the record reflects, presented oral arguments in support of their positions.

The record shows that the court took the appellees' motion to dismiss under advisement and, by letter dated October 14, 1986, entered its order sustaining the motion to dismiss. This appeal followed.

The case was assigned to the Court of Appeals, Div. II for disposition. In an unpublished opinion, that court affirmed the trial court's disposition of the case, ruling that plaintiffs' petition was fatally defective because plaintiffs failed to allege that the deeds in question were ambiguous and that plaintiffs had neglected to include copies of those deeds with their petition. Inferentially, the Court of Appeals also implied that limitations had run against plaintiffs' claim, assuming one had been stated.

We granted certiorari to consider whether the Court of Appeals applied the proper standard of review in arriving at its determination. Based upon the record before us, we conclude the Court of Appeals determination is based on a mistaken interpretation of the plaintiffs' petition and that court's opinion is VACATED; the trial court's order is REVERSED, and the cause is REMANDED for further proceedings.

I.

A responsive pleading asserting the defense of failure to state a claim is treated as a motion for summary judgment when the parties present matters outside the pleading and which are not excluded by the court. 12 O.S.Supp. 1988 § 2012(B). Such was the procedural posture of this case at the time of the trial court's ruling. Both

....
(6) Failure to state a claim upon which relief

can be granted."

plaintiff and defendants introduced "matters outside the pleading" when they submitted briefs tendering factual matters and legal authority in support of their respective positions. Accordingly, the standard of review to be applied on appeal of an order that sustains such a motion to dismiss will be that standard applied to orders granting motions for summary judgment. See: *Frazier v. Bryan Memorial Hospital Authority*, Okl., 775 P.2d 281, (1989).

## II.

The now familiar rule is that summary judgment is appropriate only when the record shows that there is no issue of material fact and that one party is entitled to judgment as a matter of law. *Flanders v. Crane Co.*, Okl., 693 P.2d 602 (1984), and cases cited therein. On review, all inferences and conclusions to be drawn from the underlying facts should be viewed in the light most favorable to the party opposing the motion. *Jones v. General Motors Acceptance Corp.*, Okl., 565 P.2d 9 (1977).

■ Quite clearly, in this case, there were obvious issues of material fact. First and foremost is the existence of any alleged agreement between the parties. The existence of a family agreement is part of the accompanying facts and circumstances giving rise to plaintiffs' request that the court find the existence of a resulting trust. Contrary to the perception of the Court of Appeals in this case, and apparently that of the trial court as well, this case is not a challenge to the validity of the Joint Tenancy Deeds. Rather, those deeds are alleged to be unambiguous evidence of the existence of an agreement, its performance, and the intention of the parties to separate legal title from equitable title in the subject property. It is also of some significance that the defendants, from the outset, brought the existence of such an arrangement into direct dispute in their answer to the petition.

■ Similarly, it was not necessary for plaintiffs to produce the deeds in question as proof of their allegations at this stage of the proceedings. Summary proceedings are not to be used as a substitute for deciding controverted issues. *Martin v. Chapel, Wilkinson, Riggs, and Abney*, Okl., 637 P.2d 81 (1981); *Love v. Harvey*, Okl., 448 P.2d 456 (1968).

## III.

■ Likewise, the plaintiffs' petition plainly alleges the essential elements of intent and consideration necessary for a court to find that property is impressed with a resulting trust. *Cacy v. Cacy*, Okl., 619 P.2d 200 (1980). Plaintiffs' petition alleges the existence of a family agreement regarding the ownership of the property and alleges that the Joint Tenancy deeds are evidence showing facts and circumstances which illustrate the parties' intent that beneficial interest be separate from the legal title.[2] Consideration is alleged as having been exchanged by virtue of the plaintiffs' conveyance to their mother of their intestate one-sixth share in the subject property. In short, the elements necessary to state a cause of action have been alleged in plaintiff's petition. See also: *Reed v. Reed*, Okl., 287 P.2d 889 (1955); *Fibikowski v. Fibikowski*, 185 Okl. 520, 94 P.2d 921 (1939).

## IV.

Our conclusion today in no way reflects an assessment of the relative merits of the plaintiffs' claim or any defenses that may or may not be available to the defendants; there is a complete absence of evidence in

---

2. 60 O.S.1981, § 136(3): No trust in relation to real property is valid, unless created or declared:

  1. By a written instrument, subscribed by the grantor or by his agent thereto authorized by writing;

2. By the instrument under which the trustee claims the estate affected; or,
  3. By operation of law.

this record in support of either party. We simply hold that plaintiffs' petition sufficiently states a cause of action and that the trial court erred in ruling otherwise. Accordingly, the opinion of the Court of Appeals, Div. II, affirming the trial court order is VACATED; the trial court order dismissing plaintiffs' petition for failure to state a claim is REVERSED and the cause is REMANDED to that court for further proceedings consistent with the views expressed herein.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

DOOLIN, J., dissents.