2002 OK 85

In the Matter of the Assessment of REAL PROPERTY OF INTEGRIS REALTY CORPORATION, an Oklahoma not-for-profit corporation (Parcel Nos. 2847–14–225–0640)

Integris Realty Corporation, an Oklahoma corporation; Integris Prohealth, Inc., an Oklahoma corporation; and Baptist Medical Plaza Associates, Ltd., an Oklahoma limited partnership, Appellees,

v.

Oklahoma County Board of Tax Roll Corrections and Mike Means, Oklahoma County Assessor, Appellants.

No. 96,504.

Supreme Court of Oklahoma.

Oct. 29, 2002.

As Corrected Nov. 7, 2002.

Robert L. Garbrecht and Drew D. Webb of McAfee & Taft, Oklahoma City, Oklahoma, for the appellees.

Gretchen Crawford, Assistant District Attorney for Oklahoma County, Oklahoma City, Oklahoma, for the appellants.

LAVENDER, J.

¶ 1 Today's cause requires the Court to determine whether earlier-recognized constitutional guidelines (for determining availability to a charity of an exemption from [ad valorem] taxation under the provisions of OKLA.CONST. art. 10, § 6 [1]) remain viable. After review of applicable extant jurisprudence, we hold that the Court's earlier-declared entitlement-guidelines for an art. 10, § 6 exemption-from-taxation correctly state the parameters of the sought-after exemption. After the Oklahoma County Board of Tax Roll Corrections denied Baptist Medical Plaza Associates, Ltd. [BMPA], Integris Realty Corporation and Integris Prohealth, Inc.'s [collectively appellees or Integris] application for a refund of earlier-paid ad valorem taxes, appellees appealed to the district court for a *de novo* trial.[2] We conclude the

---

**1.** The pertinent provision of OKLA.CONST. art. 10, § 6 is:

[A]ll property used exclusively for religious and charitable purposes ... shall be exempt from taxation ....

**2.** *See* 68 O.S.2001 § 2871(H), which provides in pertinent part:

district court properly adjudged appellees entitled to summary judgment and the requested exemption.

# I

## FACTS AND PROCEDURAL HISTORY

¶ 2 Integris Prohealth, Inc. (a charitable corporation) is the owner of certain real estate which was leased to BMPA during all times relevant to the requested tax-exemption. BMPA constructed a multi-story office building containing 146,006 square feet of rentable space upon the leased acreage. BMPA leased 44,645 square feet to Integris Realty Corporation [Corporation] during the 1997 to 1999 tax years and 45,191 square feet during the 2000 tax year. Corporation sublet the leased space to various Integris non-profit entities who used the space for charitable, educational and scientific purposes. Appellees contended below that the exclusive use of the leased facilities for charitable purposes qualified it for exemption from ad valorem taxation.[3]

¶ 3 Mike Means, Oklahoma County Assessor, and the Oklahoma County Board of Tax Roll Corrections [collectively County or appellants] assert as bases for denying Integris' exemption-claim (1) that BMPA—the building's owner—is not a charitable organization[4] and (2) that BMPA leases *part* of the building in issue for profit to entities which are not charities. County claims these facts—when viewed through the provisions of 68 O.S.2001 § 2887(9)[5]—preclude BMPA's entitlement to the requested exemption. County also asks the Court to overrule *Cox v. Dillingham*, 1947 OK 250, 184 P.2d 976,

where the Court held in assessing entitlement to an art. 10, § 6 exemption from taxation:

" 'It is immaterial what name the institution, organization, or society may bear, or who may own the property in question. But it is the use to which the property is dedicated and devoted which constitutes the test as to whether it is exempt.' " [citing *Beta Theta Pi Corp. v. Bd. of Com'rs*, 1925 OK 176, 234 P. 354, 356] *Id.* at 978. County asserts that when deciding *Cox* the Court focused on *use* alone without giving adequate consideration to the exclusivity of *use* required under the applicable constitutional provisions.

¶ 4 BMPA paid all assessed ad valorem taxes and then timely pursued a refund of the same. The Oklahoma County Board of Tax Roll Corrections denied the sought-after exemption and the Integris entities appealed the denial to the district court. Integris moved for summary judgment which was granted. County then brought today's appeal, over which we previously retained jurisdiction.

# II

## THE STANDARD OF REVIEW

¶ 5 Today the Court is called upon to review a trial court's grant of summary judgment. Such review is conducted *de novo*.[6] Although in its consideration of a motion for summary judgment the trial court considers factual matters, it ultimately must decide entitlement to judgment as a matter of law. When reviewing summary judgment, the Court focuses on (1) whether the eviden-

---

Both the taxpayer and the county assessor shall have the right of appeal from any order of the board of tax roll corrections to the district court of the same county. In case of appeal *the trial in the district court shall be de novo.* [Emphasis added.]

3. In their arguments to the district court County asserted that the Integris entities wholly failed to prove that the property for which the exemption is sought was used *"exclusively* and *directly"* for charitable purposes.

4. It is not contested that BMPA is a for-profit Oklahoma limited partnership.

5. The pertinent terms of 68 O.S.2001 § 2887 are:

The following property shall be exempt from ad valorem taxation:

\* \* \*

9. All property used exclusively and directly for charitable purposes within this state, *provided the charity using said property does not pay any rent or remuneration to the owner thereof unless the owner is a charitable institution described in Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C., Section 501 (c)(3), or a veterans'* organization described in Section 501(c)(19) of the Internal Revenue Code, 26 U.S.C., Section 501(c)(19) .... [Emphasis added.]

6. *Prudential Ins. Co. of America v. Glass*, 1998 OK 52, ¶ 2, 959 P.2d 586, 588.

*tiary materials as a whole* demonstrate undisputed facts on material issues and (2) whether they support but a *single* inference in favor of the moving party.[7] Only when the evidentiary materials eliminate all *factual* disputes relative to a question of law is summary judgment appropriate on that issue.[8] Summary process is properly invoked only when it serves to eliminate a useless trial.[9]

¶ 6 Today's cause also presents a question of law concerning the scope of the constitutionally-mandated exemption from ad valorem taxation for real property used by charities. Questions of law are reviewed *de novo* which necessitates a plenary, independent and non-deferential examination of the trial court's legal rulings.[10]

### III.

### THE DISTRICT COURT CORRECTLY APPLIED OKLA.CONST. ART. 10, § 6's PROVISIONS IN DETERMINING APPELLEES' ENTITLEMENT TO SUMMARY JUDGMENT

¶ 7 County predicates its denial of an ad-valorem-tax exemption for the space leased to the Integris-related charitable entities upon the fact that BMPA (the building owner) is *economically* benefitted by the lease payments received. The Court's attention is further drawn to the fact that BMPA is leasing space in the same building to *for-profit* organizations. County's legal argument is that the (economic) *use* of rental space in BMPA's building for financial gain affronts art. 10, § 6's *exclusive-use* provision.

7. *Meadows v. Fain,* 1989 OK 100, 776 P.2d 1270, 1272.

8. *Russell v. Bd. of County Com'rs,* 1997 OK 80, ¶ 7, 952 P.2d 492, 496–97.

9. *Glass, supra,* page 202 note 6, 1998 OK 52, ¶ 3, 959 P.2d at 588–89; *Martin v. Chapel, Wilkinson, Riggs, and Abney,* 1981 OK 134, 637 P.2d 81, 84.

10. *Jackson v. Jackson,* 2002 OK 25, ¶ 2, 45 P.3d 418, 422; *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 8, 33 P.3d 302, 305.

11. In its appellate paperwork County does assert that appellees have not proven they are engaged in charitable work but offers nothing to contravene the evidentiary materials submitted to the trial court substantiating the type and quantum

¶ 8 County does not refute that the Integris-related entities which are *physically* using the space (for which the exemption is claimed) are charitable.[11] Rather in support of the tax-exemption denial County points to BMPA's (the building owner) legal status which is neither that of a 501(c)(3) organization under applicable Internal Revenue Code provisions nor that of a charitable entity under Oklahoma statutes. County asserts that under the provisions of 68 O.S.2001 § 2887(9)[12] the latter facts disqualify BMPA from receiving the requested exemption. The essence of County's legal argument is that the term "used exclusively for religious and charitable purposes" (as employed in the art. 10, § 6 grant of a tax-exemption) should be redefined to include both economic and physical use components and that both uses must be of a charitable character. To accomplish this County would have the Court overrule *Cox v. Dillingham,* 1947 OK 250, 184 P.2d 976, which focuses solely on the *physical* use (for a constitutionally recognized exempt-purpose) of the property sought to be taxed.

### A

### THE CONSTITUTIONAL EXEMPTION FROM TAXATION HERE IN ISSUE IS PREMISED UPON THE EXCLUSIVE (PHYSICAL) USE OF THE SOUGHT–TO–BE–TAXED REAL PROPERTY FOR A CHARITABLE PURPOSE

¶ 9 Oklahoma's extant jurisprudence teaches that the proper interpretation of charitable work in which the Integris-related entities engage. The summary judgment record before the trial court, contrary to the assertion in the dissent by Justice Boudreau, indisputably and unequivocally shows that the portions of the involved building for which tax exemption is sought were used for **hospital-related services** in furtherance of the charitable, educational and scientific purposes of various Integris nonprofit entities, and that the facilities occupying the space for which exemption is sought were open to the public without discrimination regardless of ability to pay. The summary judgment record also plainly shows that most, if not all, of the nonprofit entities occupying the space for which exemption is sought are merely part of Integris Baptist Medical Center, i.e. Baptist Hospital.

12. For the pertinent terms of 68 O.S.2001 § 2887(9), see *supra* note 5.

of the words "used exclusively"in the constitutional provision in issue is "the use to which the property is dedicated and devoted." [13] The Court in *Autumn House v. State ex rel. Oklahoma Tax Com'n*, 1991 OK 73, 814 P.2d 1036, 1038, further clarified the framers' intent in crafting the art. 10, § 6 exemption, when it held that the phrase "used exclusively" was not to be viewed in the abstract but rather in the context of constitutionally-recognized exempt purposes. In *Autumn House* the Court also held that "use" denotes the application or employment of something for a purpose. *Id.* at 1039. Extant jurisprudence teaches that the absence or presence of pecuniary profit to the property's owner is not what determines whether or not a property is exempt from taxation. Rather the physical use to which the property is devoted is the determinative factor.[14]

¶ 10 In *Cox v. Dillingham* land owners leased real property to Cox to build a school. While rent was minimal during the first years of the lease term, it increased from a flat rate to an additional amount equal to five percent of the Cox's gross operating receipts. The lessee was given credit against lease payments for taxes and insurance. In allowing the exemption the Court rejected Dillingham's [Washington County Treasurer] argument that the exemption should be denied because the land owner profited from Cox's lease payments. The Court instead focused upon the purpose to which Cox devoted the leased premises—i.e., a school—as determinative of entitlement to the ad-valorem-tax exemption.[15] The *Cox* Court emphasized that for a "use" to qualify property for exemption, it must be "exclusive," i.e., the land for which the exempt status is sought must be *used exclusively for a constitutionally recognized purpose.*

¶ 11 In seeking *Cox's* repudiation County is attempting to resurrect a construction of the pertinent art. 10, § 6 language which was earlier considered and rejected by the Court not in *Cox v. Dillingham* but rather in *Okla-*

*homa County v. Queen City Lodge No. 197, I.O.O.F.*, 1945 OK 55, 156 P.2d 340. There the International Order of Oddfellows [Lodge] purchased a twelve story building in Oklahoma City. Lodge [a charitable organization] physically occupied and used the twelfth floor and leased the remaining eleven floors to various for-profit businesses and shops. It sought an exemption from ad valorem taxes for the entire building on the basis that it used the rental income received to support its charitable purposes. The Court rejected the Lodge's analysis deciding that entitlement to a constitutionally permitted exemption was predicated not upon how the building owner used the rents from the leased premises but rather upon consideration of the purpose to which the property was physically dedicated and devoted. In *Queen City Lodge* the Court [for the first time] held that real property could be taxed in proportion to its respective uses, i.e., pro rata. The Court held Lodge was entitled to an exemption for the twelfth floor which was devoted—i.e., physically used—for the promotion of its charitable purposes but not for the remaining floors which were physically used for purposes other than those constitutionally recognized as bases for entitlement to a tax exemption. In its holding the Court overruled *Board of Commissioners of Garfield County v. Phillips University*, 1930 OK 310, 289 P. 720, to the extent that it held that "mere use of income from property could alone be applied as the test of the use of the property itself in determining tax exemption under the constitutional provision [art. 10, § 6] here considered." *Queen City Lodge*, 156 P.2d at 348. In sum, the Court rejected the idea that how a building's owner economically uses income from a property is a factor in determining entitlement to an art. 10, § 6 ad-valorem-tax exemption.

■ ¶ 12 The Court in *Queen City Lodge* succinctly stated the principles under which the Court would consider overruling long-standing precedent such as *Cox*, when it quoted Corpus Juris Secundum:

**13.** *Immanuel Baptist Church v. Glass*, 1972 OK 79, 497 P.2d 757, 760.

**14.** *Board of Com'rs of Tulsa County v. Tulsa Business College*, 1931 OK 400, 1 P.2d 351, 353.

**15.** *Cox v. Dillingham*, 1947 OK 250, 184 P.2d 976, 978.

It is generally held that a court will not as a rule inquire into the construction of a constitutional provision or the constitutionality of a statute or ordinance where this question has been passed on in previous decisions by a court of last resort ... *unless such previous decisions are manifestly erroneous, and there are cogent reasons for overruling them;* and this is especially true where such decisions have been long relied on as authoritative, or where such decisions have become rules of property.... [Emphasis in original.] *Queen City Lodge,* 156 P.2d at 345.

County offers, and we see, no cogent reason why the Court's earlier construction of "used exclusively" should be changed. The *Queen City Lodge* Court's analysis is extensive and rings as true today as it did in 1945. The framers of Oklahoma's Constitution no doubt were mindful that charitable institutions such as the Integris-related entities provide services which relieve the State of burdens which it would otherwise have to bear and in crafting the art. 10, § 6 tax-exemption intended to foster such charitable acts. The record demonstrates that the non-profit Integris entities were given credits against rentals in the amounts of the tax exemptions allowed. This clearly comports with what the framers sought to accomplish. For these reasons we affirm our earlier precedent.[16]

### B

### TO THE EXTENT THE PROVISIONS OF 68 O.S.2001 § 2887(9)[17] IMPOSE A GREATER BURDEN UPON THE CONSTITUTIONAL TAX–EXEMPTION AUTHORIZED BY OKLA. CONST. ART. 10, § 6's TERMS THAN THE ORGANIC LAW ITSELF DOES, THE STATUTE IS CONSTITUTIONALLY INFIRM

¶ 13 Section 2887(9) sets as a precedent to entitlement to an art. 10, § 6 tax exemption that the property owner be either a § 501(c)(3) charitable institution or a § 501(c)(19) veterans organization under applicable federal law or that it charge no rent for the space leased or used by a charitable organization. The provisions of art. 10, § 6 do not condition receipt of a tax exemption upon such terms rather the constitutional language in issue simply requires that the property (for which the exemption is claimed) be used exclusively for religious and charitable purposes.

■ ¶ 14 As discussed above it is the "use" to which property is dedicated and devoted which is determinative of entitlement to the art. 10, § 6 tax exemption. The above statutory restrictions focus upon (a) the property owner's legal and tax status and (b) how it will economically use the property for which the ad-valorem-tax-exemption is sought. The added statutory qualifications for receipt of the constitutionally-mandated exemption are not predicated upon how the property is physically used. The placement of the Court's imprimatur upon the contested statutory language would effect an abrogation of the framers' intent—as identified in Oklahoma's extant jurisprudence[18]—in crafting a constitutional-based tax exemption. This we will not do. Hence, to the extent that the provisions of 68 O.S.2001 § 2887(9) impose greater burdens on entitlement to receipt of an art. 10, § 6 tax-exemption than Oklahoma's organic law itself requires, the same are disapproved.

### C

### THE DISTRICT COURT'S SUMMARY JUDGMENT FOR THE INTEGRIS–RELATED ENTITIES IS AFFIRMED

¶ 15 The evidentiary materials submitted by the Integris-related entities demonstrate

---

**16.** We do not read *London Square Village, Inc. v. Okla. County Equalization and Excise Bd.,* 1976 OK 159, 559 P.2d 1224, to support the proposition that a property which produces income is incapable of qualifying for an art. 10, § 6 tax exemption. Rather the Court's decision in *London Square Village* is based upon the fact that property was let to tenants in no need of charity who were very capable of paying the rents charged, i.e., the property was not physically used [in several instances] for charitable purposes.

**17.** For the provisions of 68 O.S.2001 § 2887(9), see *supra,* page 202 note 5.

**18.** *Cox, supra; Queen City Lodge, supra; Beta Theta Pi Corp. v. Bd. of Com'rs,* 1925 OK 176, 234 P. 354.

there is no factual controversy since those seeking the constitutionally-mandated tax exemption do charitable work and were in fact physically using the leased space for charitable purposes. Also, it is not refuted that the Integris-related charitable entities under their sub-leases will be given the economic benefit of the sought-after ad valorem tax exemption. The district court properly applied the Court's holding in *Cox* which is an accurate and correct exposition of the entitlement-parameters for the art. 10, § 6 tax exemption. Hence, summary judgment is affirmed.

## IV

### CONCLUSION

¶ 16 County today questions the viability of extant jurisprudence which teaches that entitlement to a tax exemption—authorized under the terms of art. 10, § 6—from ad valorem taxation is predicated solely upon the physical use to which the property is dedicated and devoted. Upon review we conclude that the Court's earlier pronouncements correctly state what the framers of Oklahoma's Constitution intended in crafting art. 10, § 6. In recognition of the burden on state government which is lifted by the charitable acts of others, the framers allow an exemption from taxation for property which is "used exclusively"—i.e., property which is physically dedicated and devoted—for charitable purposes. The statutory language employed in 68 O.S.2001 § 2887(9) to the extent that it creates a burden on entitlement to an art. 10, § 6 exemption in a way inconsistent with the constitutional provision's language is disapproved.

THE DISTRICT COURT'S JUDGMENT IS AFFIRMED.

¶ 17 HARGRAVE, C.J., WATT, V.C.J., HODGES, SUMMERS and WINCHESTER, JJ., concur.

¶ 18 OPALA, KAUGER and BOUDREAU, JJ., dissent.

1. Okla. Const., art. 10, § 6.

2. *Cox v. Dillingham*, 1947 OK 250, 199 Okla. 161, 184 P.2d 976.

OPALA, J., with whom KAUGER, J., joins, dissenting.

¶ 1 I dissent from the court's pronouncement because Integris Realty's summary process evidentiary substitutes do not offer a factual basis for concluding that the rentable square footage of Building B—here in contest—was, **during the period in question, used exclusively, on a day-to-day basis, for charitable purposes** and hence stands exempt from *ad valorem* tax liability. I would reverse the summary judgment and remand the cause for further proceedings.

BOUDREAU, J., with whom OPALA and KAUGER, JJ., join, dissenting.

¶ 1 The majority opinion affirms the ad valorem tax charitable-purposes exemption for certain office space occupied by "Integris Nonprofit Entities" identified as engineering, education and training, facility planning, physician services, foundation, legal, plaza hotel, managed care, CVI lab, diabetes center, heart center, surgery center, and fertility institute. Because the record before us is void of any evidence showing the charitable character of the use of this office space, I must respectfully dissent.

¶ 2 Our state constitution exempts from ad valorem taxation "all property used for free public libraries, free museums, public cemeteries, property used exclusively for nonprofit schools and colleges, and all property **used exclusively for** religious and **charitable purposes**".[1] (Emphasis added.) The intent of the exemption is to encourage and assist institutions which benefit the public and, to some extent, relieve the government of some of its burdens.[2]

¶ 3 Whether property is "exclusively used for charitable purposes" is necessarily a question of fact to be established by the evidence.[3] To determine the "exclusive use" of the property, there must be a showing

3. *London Square Village, Inc. v. Oklahoma County Equalization and Excise Board*, 1976 OK 159, 559 P.2d 1224; *Beta Theta Pi Corporation v. Board of Commissioners of Cleveland County*, 1925 OK 176, 108 Okla. 78, 234 P. 354.

that the property is dedicated and devoted to a particular use.[4]

¶4 The charitable character of the particular use is the determinative factor that brings the property within the constitutional exemption.[5] The charitable use of property by an institution, such as a hospital, is determined by a single test: Are the doors open to all, poor persons and paying persons alike. If yes, it is a charitable hospital and the property it uses is exempt from taxation.[6]

¶5 In this case, the charitable use of the office space by the "Integris Nonprofit Entities" was disputed in the pleadings before the district court. For summary adjudication to be appropriate, the disputed material fact of charitable use must be conclusively established by the evidence in the record.[7]

¶6 The majority opinion, at footnote 11, notes that the evidence substantiated the type and quantum of charitable work which the tenants performed in the office space. I have carefully examined the summary adjudication record. I find no evidence that substantiates the charitable uses of the office space at issue.

¶7 There is documentary evidence establishing the general identities of the tenants as engineering, education and training, facility planning, physician services, foundation, legal, plaza hotel, managed care, CVI lab, diabetes center, heart center, surgery center, and fertility institute. However, there is no evidence that these tenants are care centers providing services to the public or that these tenants' doors are open to the public, poor persons and paying persons alike.[8]

¶8 There is affidavit evidence relating to the charity afforded by Integris Baptist Medical Center (Baptist Hospital) and affiliated care centers including Family Care Center Northwest. However, the affidavits do not claim that Baptist Hospital or the Family Care Center occupied the office space at issue or otherwise used the space for charity.

¶9 Article 10, § 6 provides an exemption from ad valorem taxation for property **used exclusively for charitable purposes.** The majority opinion expands this narrow exemption of property utilized **exclusively for charitable purposes** to encompass all property used by hospital-related, not-for-profit entities in furtherance of **charity-related** purposes.[9]

¶10 The property owners' bare statement that the office space was used for

---

4. *Holland Hall School v. Glass,* 1972 OK 81, 497 P.2d 763; *Oklahoma County v. Queen City Lodge No. 197,* 1945 OK 55, 195 Okla. 131, 156 P.2d 340.

5. *Tulsa County v. St. John's Hospital,* 1948 OK 84, 200 Okla. 176, 191 P.2d 983; *Cox v. Dillingham, supra,* page 206, footnote 2.

6. *In re Farmers Union Hospital Association of Elk City,* 1942 OK 128, 190 Okla. 661, 126 P.2d 244.

7. *Meadows v. Fain,* 1989 OK 100, 776 P.2d 1270.

8. The property owners submitted lists of the tenants and sublessees of the office building for each tax year involved as attachments to an affidavit. The lists categorize the occupants as: 1) "private or for-profit," 2) "Integris not-for-profit," or 3) "other not-for-profit." The lists also contain comments that six of the "Integris not-for-profit" occupants are "part of IBMC," leaving the other six or seven "Integris not-for-profit" occupants without such comment. The affidavit and the attached lists do not, however, provide any information regarding the work performed by the occupants. Further, there is no other evidence

in the record that describes the occupants or their charitable works.

9. Expansion of the narrow charitable-purposes exemption is precisely the wrong that was redressed in *Oklahoma County v. Queen City Lodge No. 197,* 1945 OK 55, 195 Okla. 131, 156 P.2d 340. Recognizing that our constitution, art. 5, § 50, prohibits our Legislature from expanding the charitable-purposes exemption, *Oklahoma County v. Queen City Lodge No. 197* determined that prior jurisprudence impermissibly expanded the constitutional exemption to include charity-related property, i.e., property used to economically support another entity's charitable work. Finding that economic support of a charity does not bring property within the constitutional exemption, *Oklahoma County v. Queen City Lodge No. 197* overruled *Board of Commissioners of Garfield County v. Phillips University,* 144 Okla. 57, 289 P. 720(which exempted farm land used to support a college); *Sands Springs Home v. State,* 168 Okla. 323, 32 P.2d 928(which exempted a gasoline plant used to support a home for orphans and widows); and *University Scholarship Corporation v. Parduhn,* 1937 OK 447, 180 Okla. 446, 70 P.2d 84(which exempted an apartment building used to support scholarship fund).

charitable purposes does not entitle them to summary adjudication that the property is exempt from ad valorem taxation as a matter of law.[10]  Charitable use is the material, determinative fact that would bring the property within the constitutional exemption. Without proof of the charitable use of the property, summary adjudication is premature.  Accordingly, I would reverse the summary adjudication and remand this controversy for trial *de novo* in the district court.[11]

**10.**  Rule 13(b), Rules for the District Courts, 12 O.S.2001, ch. 2, app. 1.

