2010 OK 93

Eldon McBRIDE, Sr., Personal, Representative of the Estate of Eldon Don McBride, Jr., Deceased, Plaintiff/Appellee,

and

Nes Rentals and Insurance Company of the State of Pennsylvania, Intervenors/Appellants

v.

GRAND ISLAND EXPRESS, INC., a Foreign Corporation; Therance White, Jr., a Citizen of the State of Missouri; Discovery Property & Casualty Insurance Company, a Foreign Insurance Company, DCM Transport, Inc., a Foreign Corporation; Kenneth V. Minter, a Citizen of the State of Illinois; Great West Casualty Insurance Company, a Foreign Insurance Company, Defendants/Appellees.

No. 106,362.

Supreme Court of Oklahoma.

Dec. 14, 2010.

Robert Earl Applegate, Tulsa, OK, for Intervenors/Appellants.

Jerry L. McCombs, Idabel, OK, for Appellee Eldon McBride, Sr., Personal Representative of the Estate of Eldon Don McBride, Jr., Deceased.

Curtis John Roberts, Feldman, Franden, Woodard & Farris, Tulsa, OK, for Appellees Grand Island Express, Therance White and Discovery Property & Casualty Insurance Company.

Robert B. Mills, Daniel Khristian Jones, The Mills Law Firm, Oklahoma City, OK, for Appellees Great West Casualty Insurance Company, DCM Transport, Inc., and Kenneth V. Minter.

HARGRAVE, J.

¶ 1 Decedent worked for NES Rentals as a truck driver. On December 1, 2006, Decedent stopped his employer's truck and trailer on a bridge spanning the Arkansas River in Muskogee County, Oklahoma, to investigate a minor accident. While standing next to his truck, Decedent was stuck and killed in a multi-vehicle accident involving trucks owned and operated by Defendants. On February 21, 2007, Plaintiff commenced the instant action against the Defendants for the wrongful death of Decedent, alleging Defendants' negligence, and sought recovery of damages for the wrongful death of Decedent.

¶ 2 On December 21, 2007, the Oklahoma Workers' Compensation Court issued an order finding Decedent died in a compensable accident arising out of and in the course of his employment with Appellant, NES Rentals, and awarded death benefits to Decedent's surviving wife and children. Appellant, Insurance Company of the State of Pennsylvania, paid the award on behalf of its insured, Decedent's employer, Appellant, NES Rentals.

¶ 3 Appellants then filed their petition to intervene in the present action. Appellants argued they were entitled to recover the money paid in death benefits to Decedent's survivors from Defendants under 85 O.S. Supp.2005 § 44(c) and (d). Plaintiff answered, denying generally Defendants' right to intervene.

¶ 4 Plaintiff subsequently filed a Motion to Sever or Dismiss Intervenors from Jury Trial. Plaintiff first argued that § 44(d) absolutely proscribed Appellants from "seek[ing] an interest in ... the death benefits received by the employee or the employee's

beneficiary," and "it would be improper to allow evidence to go to the jury with regard to payments made under Oklahoma Workers' compensation which is compensation from a collateral source." Plaintiff further argued Defendants had no absolute or conditional right to intervene under 12 O.S. Supp. 2003 § 2024.

¶ 5 Appellants argued Plaintiff had waived any objection to intervention by failing to earlier object by motion and/or in its answer. Appellants further asserted their absolute right to intervene under § 44(d), which recognized a separate "cause of action against [the] third party whose wrongful or negligent conduct cause[d] the death of an employee entitled to compensation ... to recover any money paid for death benefits on behalf of the employee" and the waste of judicial resources if denied even permissive intervention in the present case.

¶ 6 Plaintiff then filed a motion for summary judgment. Plaintiff argued that, pursuant to the plain language of § 44(d), only an employer, not an insurance carrier could pursue the third-party tortfeasor to recover money paid in Workers' Compensation death benefits and, in the present case, the Insurer, not the Employer, paid the Workers' Compensation benefits. Plaintiff argued that because the party that had paid the benefits was not authorized to sue and the party that was authorized to sue didn't pay any benefits, the petition to intervene should be denied. Plaintiff also argued that, to the extent § 44(d) permitted an employer to recover death benefits paid, § 44(d) violated Art. 23, § 7, of the Oklahoma Constitution which provides:

The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workers' Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive, and the Legislature may enact statutory limits on the amount recoverable in civil actions or claims

against the state or any of its political subdivisions.

Plaintiff argued that under Art. 23, § 7, of the Oklahoma Constitution § 44 was unconstitutionally vague and ambiguous.

■ ¶ 7 On consideration of the parties' submissions, the trial court granted Plaintiff's motion to dismiss/sever, and motion for summary judgment, thereby terminating the action as to all claims by Appellants. The Court of Civil Appeals reversed and remanded this matter finding that the employer, not the insurer is entitled, as a matter of right, to intervene in Plaintiff's action against the tortfeasor to recover the amount of death benefits paid under § 44(d). The first tortfeasor and its insurer argue that the Court of Civil Appeals has misconstrued § 44(d). They argue that since the employer did not pay the death benefits, that the employer cannot recover and that in no case can the employer's insurer recover as the Oklahoma Legislature did not include the Insurer in § 44(d). We granted certiorari to address this first impression issue of Oklahoma Law.

■ ¶ 8 In reviewing a summary judgment grant an appellate court engages in a *de novo* review. *Wylie v. Chesser*, 2007 OK 81, ¶ 3, 173 P.3d 64, 66 citing *In re Estate of MacFarline*, 2000 OK 87, ¶ 3, 14 P.3d 551, 554–555. Summary judgment is warranted only when "there is no substantial controversy as to the material facts and . . . one of the parties is entitled to judgment as a matter of law[.]" 12 O.S. Supp.2006, Ch. 2, App., Rules for the District Courts of Oklahoma, Rule 13(e). For summary judgment to be appropriate the evidentiary materials submitted must demonstrate undisputed facts on material issues supporting but a single inference in favor of that party. *In the Matter of the Assessment of Real Property of Integris Realty Corp.* 2002 OK 85, ¶ 5, 58 P.3d 200, 202–203.

¶ 9 85 O.S. § 44 provides in its entirety:

(a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such another shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute on the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided by the Workers' Compensation Act shall be made only with the written approval of the Court. Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to the determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorney fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

In the event that recovery is effected by compromise settlement, then in that event

the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.

(b) Notwithstanding subsection (d) of this section, the employer or his insurance carrier shall not have the right of subrogation to recover money paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under the Workers' Compensation Act.

(c) The employer or his insurance carrier shall have the right of subrogation to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.

(d) An employer shall have a cause of action against a third party whose wrongful or negligent conduct causes the death of an employee entitled to compensation under this title to recover any money paid for death benefits on behalf of the employee. Nothing contained in this section shall allow an employer or insurance carrier for an employer to seek an interest in either the death benefits received by the employee or the employee's beneficiary or in a life insurance policy procured by the employee.

¶ 10 In *World Publishing Co. v. Miller,* 2001 OK 49, ¶ 7, 32 P.3d 829, 832 we held:

Legislative intent controls statutory interpretation. Intent is ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each. The Court presumes that the Legislature expressed its intent and that it intended what it expressed. Statutes are interpreted to attain that purpose and end championing the broad public policy purposes underlying them. Only where the legislative intent cannot be ascertained from the statutory language, i.e., in cases of ambiguity or conflict are rules of construction employed. However, where the statutory language is ambiguous or uncertain, a construction is applied to avoid absurdities. When construing a statute, the Court does not limit itself to the consideration of a single word or phrase. Rather, we look to the various provisions of the relevant legislative scheme to ascertain and give effect to the legislative intent. Nevertheless, the plain and ordinary meaning of the language utilized is the standard for determining intent.

¶ 11 Section 44(a) of title 85 O.S. Supp. 2005, grants to the employer or the employer's workers' compensation insurance carrier, the right to subrogation to recover the workers' compensation benefits paid from the negligent third party that caused the injury to an employee. *Prettyman v. Halliburton Co.,* 1992 OK 63, ¶ 7, 841 P.2d 573, 576–577. Section 44(a) grants to the employer or employer's workers' compensation insurance carrier the statutory right to recoup workers' compensation benefits from claimants' third-party tortfeasor. *Nestle Food Co. v. Crews,* 2000 OK 58, ¶ 2, 11 P.3d 205, 207; *ACCOSIF v. American States Insurance Co.,* 2000 OK 21, ¶ 7, 1 P.3d 987, 992.

¶ 12 Section 44(b) however has no right of subrogation to recover money from third persons paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act. The employer or the insurance carrier had no historical right by payment of workers' compensation death benefits to pursue the tortfeasor to recover the workers' compensation death benefits paid because the right to death benefits subrogation was not authorized and was viewed as in conflict with Oklahoma Constitution, Article 23 § 7. *Earnest,*

*Inc. v. LeGrand,* 1980 OK 180, ¶ 16, 621 P.2d 1148, 1153–1154; *Updike Advertising System v. State Industrial Com'n,* 1955 OK 19, ¶ 17, 282 P.2d 759, 764.

¶ 13 In 1986, the Oklahoma Legislature added § 44(c), which allowed the employer or employer's workers' compensation insurance carrier subrogation rights to recover the expenses of the employee's last illness or accident to the injured workers claims against negligent third parties.

¶ 14 Effective July 1, 2005, the Oklahoma Legislature added § 44(d) which provides subrogation rights to the employer and not the insurer against third parties whose wrongful or negligent conduct causes the death of an employee. Section 44(a) permits the employer or the employers workers' compensation insurance carrier to recover monies paid in workers' compensation disability benefits from a third party tortfeasor. Section 44(b) absolutely withholds from employer or insurer subrogation rights to recover from third parties money paid for death benefits under the Workers' Compensation Act.

¶ 15 The Oklahoma Legislature subsequently modified this prohibition in § 44(b) by adding § 44(c) which provides that the employer or Workers' Compensation Insurance carrier subrogation rights against third party tortfeasors "to recover money paid . . . for the expenses of the last illness or accident." This brings us the subsection (d) which is the lynchpin in the current fact pattern. Section 44(d) plainly and unambiguously grants to the "employer" but not the insurer an independent cause of action to recover from a third party tortfeasor the money paid out in death benefits under the Workers' Compensation act. The second sentence of § 44(d) clearly prohibits the employer or the employer's insurance carrier from acquiring any interest in the death benefits received by the employee or the employee's beneficiary or in a life insurance policy owned by the employee.

¶ 16 Nothing in 85 O.S. § 44(d) gives an insurer a right of recovery for death benefits it extends. The second sentence of § 44(d) clarifies that employer or the insurance carrier has neither rights to recover monies paid to the employee or the employee's beneficiary, nor to any life insurance monies owned by

employee's beneficiaries. It does not extend a right for the insurance carrier to attempt subrogation to recover for monies paid in benefits to the employee's beneficiaries. Had the Legislature intended to create a right of recovery for insurance carriers, it would have included the insurance carrier in the first sentence of § 44(d). The insurance carrier cannot stand in the shoes of the employer in the present situation. The employer cannot vicariously seek damages for losses it did not incur. In *State ex rel. Board of Regents v. McCloskey Bros., Inc.,* 2009 OK 90, ¶ 17, 227 P.3d 133 we held:

> Standing refers to the legal right of a person to challenge the conduct of another in a judicial forum. An initial inquiry must reveal that: 1) an actual or threatened injury has occurred; 2) some relief for the harm can be given; and 3) the interest to be guarded is within a statutorily or constitutionally protected zone. Not only is standing confined to those whose interest in the controversy is direct, immediate and substantial, a litigant must also have a personal stake in the outcome.

¶ 17 In the present matter the Oklahoma State Legislature has not included the insurance company the rights to subrogation for monies paid to employee's beneficiaries and has no standing in the present matter. The language is neither ambiguous nor uncertain. It may not stand in the shoes of the Employer and since the Employer did not pay any benefits to the employee's beneficiaries, the trial court was correct in granting Plaintiff's motion to dismiss/sever, and motion for summary judgment, thereby terminating the action as to all claims by Appellants.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; TRIAL COURT'S RULING AFFIRMED.**

¶ 18 CONCUR: EDMONDSON, C.J., HARGRAVE, KAUGER, WATT, COLBERT, REIF, JJ.

¶ 19 DISSENT: TAYLOR, V.C.J., WINCHESTER, J.